UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARYL MITCHELL,

    Plaintiff,

v.                    Case No. 04-3011

GLEN PREWITT,

    Defendant.

**Order**

    Defendant Prewitt, the only defendant in this case, died on November 21, 2004, according to the Suggestion of Death filed by Prewitt's counsel on Jun 29, 2005 (d/e 17).

    Fed. R. Civ. P. 25(a)(1) states that:

    Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

    The plaintiff has not filed a motion for substitution, and the discovery and dispositive motion deadlines have passed.  The plaintiff will be directed to show cause why his action should not be dismissed against defendant Prewitt in his individual capacity.

    Plaintiff may also be pursuing an action against defendant Prewitt in his official capacity.  If so, the successor to Prewitt's position could be substituted in his or her official capacity pursuant to Fed. R. Civ. P. 25(d).  However, the Eleventh Amendment bars the plaintiff from recovering money damages against defendants in their official capacities.  *Wynn v. Southward*, 251 F.3d 588, 591 (7th Cir. 2001); *Kentucky v. Graham,* 473 U.S. 159 (1985).  Plaintiff may be seeking injunctive or declaratory relief "requiring a state official to conform his or her behavior to the requirements of federal law in the future," which would not be barred by the Eleventh Amendment.  *Hadi v. Horn*, 830 F.3d at 783, *citing Ex parte Young*, 209 U.S. 123 (1908).  It appears that an action against the defendant in his official capacity may be moot, but it would be premature to determine this without input from the parties. .

IT IS THEREFORE ORDERED:

    1) The plaintiff's motion for default judgment against defendant Prewitt is denied (d/e

1

19).

    2) Within 21 days from the date of this order, the plaintiff is directed to show good cause why defendant Prewitt should not be dismissed in his individual capacity. The clerk is directed to send the plaintiff a copy of Fed. R. Civ. P. 25.

    3) Within 21 days from the date of this order, the plaintiff is directed to inform the court whether he is pursuing an action against defendant Prewitt in his official capacity, and, if so, what relief he seeks against the defendant in his official capacity.

    4) Defendant's attorney shall have 14 days thereafter to file a response.

    5) A status conference is scheduled for December 8, 2005, at 1:30 p.m. by video conference; clerk is directed to issue video writ.

Entered this 18th Day of October, 2005.

                                                s\Harold A. Baker

                                           HAROLD A. BAKER
                                  UNITED STATES DISTRICT JUDGE