E-FILED
Thursday, 17 August, 2006  09:50:45 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

DARYL MITCHELL,

       Plaintiff,

    v.                                      Case No. 04-3011

GLEN PREWITT,

       Defendant.

### Order Granting Summary Judgment

Before the court is the defendant' s motion for summary judgment, which is granted for the reasons below.

The plaintiff  alleges that, when he was incarcerated in Western Correctional Center, Defendant Prewitt would not allow the plaintiff to change his religion to African Hebrew Israelite and/or approve a vegan diet for the plaintiff.  The plaintiff also alleges that defendant Prewitt treated the African Hebrew Israelite religion differently than other religions, particularly with respect to property allowed such as the "holy book."  Defendant Prewitt, in his defense, advanced that the plaintiff failed to submit written verification of his membership in the African Hebrew Israelite religion and the specific and correct requirements of the religious diet, as required by 20 Ill. Admin. Code 425.70(c).

Defendant Prewitt died after the plaintiff filed this action, and Prewitt was later dismissed in his individual capacity.  Prewitt remained in his official capacity, however, to the extent the plaintiff sought injunctive or declaratory relief.  The court recognized then that an action against the defendant in his official capacity could well be moot, but the record was insufficient on this point.

### Summary Judgment Standard

A party moving for summary judgment must show, from the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . ." that there is no genuine issue of material fact and that the "moving party is entitled to judgment as a matter of law.  *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*;*Fed. R. Civ. P.56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985).  This burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837.  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).  In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party.  *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992).  "Summary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted."  *Jones v. Johnson*, 26 F.3d 727,

1

728 (7th Cir. 1994).

## Undisputed Facts

1. The plaintiff's original defendant was Chaplain Glenn Prewitt.

2. Chaplain Prewitt died on November 21, 2004.

3. Chaplain Prewitt was succeeded at Western Illinois Correctional Center by Chaplain William Twaddell.

4. The plaintiff is no longer incarcerated at Western Illinois Correctional Center.

5. The plaintiff is currently incarcerated at Pontiac Correctional Center.

6. The plaintiff has been a declared African Hebrew Israelite since October 27, 2001.

7. The plaintiff has received a vegan diet since his approval to receive said diet since September 24, 2003.

8. The plaintiff currently possesses a Koran.

## Analysis

Prewitt was dismissed in his individual capacity after his death.  He remains only in his official capacity, to the extent his actions represent an ongoing and official policy of the prison or IDOC. Plaintiff cannot get money damages from an official capacity defendant, but might get injunctive or declaratory relief.

The December 5, 2005 order explained what questions remain:

One of the claims in this case is that the plaintiff was not allowed to change his religion or receive a religious diet because he could not provide written verification of his membership in his professed religion.  The court cannot rule out that Defendant Prewitt made those decisions in his official capacity based on policies and administrative rules. Exactly what happened here is not in the record.  For example: What was required of the plaintiff to change his religion and/or obtain a religious diet?  What are the penological reasons for those requirements?  Were those requirements imposed just by Prewitt individually, or pursuant to official policy? If the decisions were made pursuant to official policy, what is the official policy now?  How long and why was the plaintiff denied his requests?   Is the plaintiff receiving his religious diet now?  Is he able to practice his religion now?  In short, there are too many unanswered questions for the court to rule that no viable claim exists against Defendant Prewitt in his official capacity. The record must contain more than legal argument to make these factual determinations. Defendant Prewitt will therefore remain in his official capacity and will be directed to file a summary judgment motion.

(d/e 25).

2

Defendant's amended summary judgment motion does not answer most of these questions, but it does answer the most important one: does plaintiff have an arguable claim for relief against Prewitt in his official capacity?  The answer is no, because: 1) there is no evidence that Prewitt's actions represented any official policy or rule, beyond Prewitt's own interpretation and application of facially valid and neutral IDOC rules; and 2) the plaintiff is no longer incarcerated at Western, was allowed to change his religion to African Hebrew Israelite, and is receiving a vegan diet.  Whatever claims the plaintiff had therefore were against Prewitt in his individual capacity, and Prewitt is no longer in the case in his individual capacity.

Plaintiff's response, to the extent it relates to the issues here,  focuses on his present dispute with Reverand Eldon at Pontiac over the plaintiff's request for a Kosher diet, and the plaintiff's request to grow his hair long and for a religious medallion.  The plaintiff maintains that the vegan diet he is currently receiving is insufficient, "tiresome to the taste buds," and not nutritionally adequate: "I have studied the nature of white food and it does not satisfies [sic] my dietary laws.  I believe in as I learned in a book called "Nutricide: The Nutritional Destruction of the Black Race" . . . (d/e 38, p. 3).  The plaintiff asserts that the Kosher diet is also consistent with his religion–"my belief's [sic] is not the same as other African Hebrew Israelites, it do not [sic] have to be . . . ."  Id.  Reverend Eldon continues to deny the plaintiff's request for a Kosher diet, on the grounds that the vegan diet already satisfies the plaintiff's religious tenets.

The dispute with Eldon does not keep this case alive.  This case is about Defendant Prewitt and the plaintiff's ability to change his religion to African Hebrew Israelite and to receive a vegan diet at Western Correctional Center.  The disputes the plaintiff is having about other issues, with other persons, in other prisons, are not before the Court.

IT IS THEREFORE ORDERED THAT the defendant's motion for summary judgment is granted [d/e 28 ].  The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff.  All pending motions are denied as moot, and all deadlines and court dates are vacated.  This case is terminated, with the parties to bear their own costs.

Entered this 17th Day of  August, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3